OPINION
{¶ 1} Appellant Crystal Kindred is before the court upon her claim that she was denied the right to counsel by the trial court's failure to appoint counsel on her behalf or obtain a valid waiver of counsel. The following facts give rise to this appeal.
 {¶ 2} On December 10, 2003, appellant was charged with one count of theft. Appellant stole credit cards in violation of R.C.2152.02(F). Appellant appeared, for an arraignment before a magistrate, on that same day. The magistrate continued the arraignment upon appellant's father's request for an attorney. Although appellant requested a court-appointed attorney, her request was denied because their household income exceeded the minimum required by law.
 {¶ 3} On December 19, 2003, the trial court conducted appellant's arraignment. The magistrate indicated, on the record, that appellant was not entitled to a court-appointed attorney.
 {¶ 4} Appellant stated that she wanted to proceed, without counsel, and subsequently admitted to the charge of theft. The magistrate imposed court costs and committed appellant to the Department of Youth Services for a term consisting of a minimum of six months. Appellant did not file objections to the magistrate's decision. The trial court adopted the magistrate's decision on December 22, 2003.
 {¶ 5} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 6} "I. The trial court violated crystal kindred's right to counsel and due process under the fifth, sixth, andfourteenth amendments to the united states constitution, article I, Section16 of the Ohio Constitution, Ohio revised code Section 2151.352
and Juvenile rules 4 and 29."
 I {¶ 7} In her sole assignment of error, appellant maintains the trial court violated her right to counsel and due process. We agree.
 {¶ 8} Appellant sets forth two arguments in support of her assignment of error. First, appellant contends she has a statutory right to counsel pursuant to R.C. 2151.352. This statute provides, in pertinent part:
 {¶ 9} "A child * * * is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152. of the Revised Code and if, as an indigent person, any such person is unable to employ counsel, to have counsel provided for the person pursuant to Chapter 120. of the Revised Code. * * * Counsel must be provided for a child not represented by the child's parent, guardian, or custodian. * * *"
 {¶ 10} We agree that R.C. 2151.352 establishes this right. Further, Juv.R. 4(A) and Juv.R. 29(B) also establishes a juvenile's right to counsel. Juv.R. 4(A) provides as follows:
 {¶ 11} "(A) Assistance of counsel
 {¶ 12} "Every party shall have the right to be represented by counsel and every child, * * * the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. * * *"
 {¶ 13} Juv.R. 29(B) also provides a right to counsel and states, in pertinent part:
{¶ 14} "(B) Advisement and findings at the commencement of thehearing
 {¶ 15} "At the beginning of the hearing, the court shall do all of the following:
 "* * *" {¶ 16} "(3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;
 {¶ 17} "(4) Appoint counsel for any unrepresented party under Juv.R. 4(A) who does not waive the right to counsel;
 {¶ 18} "(5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent."
 "* * *" {¶ 19} Therefore, pursuant to R.C. 2151.352, Juv.R. 4(A) and Juv.R. 29(B), appellant was entitled to appointed counsel provided she did not knowingly waive this right.
 {¶ 20} Second, in support of her sole assignment of error, appellant contends the record establishes she did not waive her right to counsel. We have reviewed the record in this matter and conclude appellant did not knowingly, intelligently and voluntarily waive this right. Although a juvenile may waive his or her right to counsel, the trial court is required to make a sufficient inquiry to determine whether the defendant did so knowingly, intelligently and voluntarily. In re Johnson (1995),106 Ohio App.3d 38, 41. The trial court is required to give close scrutiny to factors such as the juvenile's age, emotional stability, mental capacity, and prior criminal experience. Id.
 {¶ 21} In the case sub judice, the record indicates the trial court failed to conduct a sufficient inquiry, with appellant, to determine whether appellant knowingly, intelligently and voluntarily waived her right to counsel. At the arraignment conducted on December 19, 2003, the trial court made the following comment concerning appellant's right to counsel:
 {¶ 22} "THE COURT: Crystal, we're here today for purposes of a continued arraignment; this matter having been postponed to allow you to apply for a court appointed attorney. That application was filed. You do not qualify for a court appointed attorney and your application was denied. Do you wish to go forward with your hearing today without an attorney?
 {¶ 23} "MS. KINDRED: Yes, Your Honor." Tr. Dec. 19, 2003, at 2.
 {¶ 24} We find this colloquy insufficient to establish a knowing, intelligent and voluntary waiver of counsel because it does not establish whether appellant understood the nature of the right to counsel that she would be waiving. Also, there is no indication the trial court considered the factors mentioned above.
 {¶ 25} Finally, we will address the state's argument that appellant waived the issue raised on appeal by not filing any objections to the magistrate's decision. In support of this argument, the state cites our decision in In re Harris,
Richland App. No. 01CA60, 01CA61, 2002-Ohio-2474. In the Harris
case, we declined to address the merits of a juvenile's appeal on the basis that the juvenile failed to file objections to the magistrate's decision.
 {¶ 26} We decline to apply the Harris decision to the facts of this case because Harris did not involve the issue of a juvenile's right to counsel. Rather, in Harris, the juvenile had legal representation throughout the legal proceedings and failed to file objections to the magistrate's decision. However, in the matter currently before the court, appellant did not have the benefit of counsel and did not knowingly waive counsel. Therefore, we decline to apply our decision in Harris to the facts of this case.
 {¶ 27} Accordingly, appellant's sole assignment of error is sustained.
 {¶ 28} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, P.J. Boggins, J., concurs.
Edwards, J., concurs separately.