OPINION JUDGMENT ENTRY
{¶ 1} Michael David Christner, an alleged delinquent child, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, which found he is delinquent by virtue of having violated a court order in failing to follow the terms and conditions of his probation by failing to attend school every day and failing to subject himself to the discipline and control of Newcomerstown High School officials. Appellant assigns three errors to the trial court:
 {¶ 2} "The trial court's order of disposition was an abuse of discretion.
 {¶ 3} "The trial court committed reversible error by accepting an admission before determining that the youth understood the rights he was waiving, makes the admission not knowing, voluntary and intelligent in violation of the due process clause of the fifth and fourteenth amendments to the united states constitution and article 1, section sixteen of the ohio constitution and juvenile rule 29.
 {¶ 4} "Appellant was denied due process and equal protection of the law as guaranteed to him by the sixth andfourteenth amendments of the united states constitution and section 10
article 1 of the ohio constitution."
 {¶ 5} The record indicates appellant was originally adjudicated unruly. At the hearing on the arraignment, after accepting the appellant's plea of true the court heard a statement by appellant's probation officer, advising the court that things had gone pretty well for awhile, although there were some incidents at home that had to be worked out. Appellant was serving an in-school suspension for a disrespect issue with a substitute teacher, another incident over a seating issue in study hall, and six tardy slips. The probation officer explained after eight discipline slips a student is given an in-school suspension. The probation officer had discussed with appellant the fact that if he had two more infractions, he would receive an out-of-school suspension. Appellant missed school that day because of frozen pipes at his home. The very next day, appellant's aunt telephoned the probation officer to inform him appellant had not gone to school. The aunt took appellant to school, whereupon, the probation officer went to the school and arrested him. The probation officer advised the court attendance was an issue because he had just discussed with appellant what to do to avoid further problems.
 {¶ 6} Appellant's mother was present in court, and advised the court he had been attending school up until this "stupid stunt". The tardy slips were acquired during school when appellant says he goes to his locker. The mother advised the court appellant did go to school on time every day other than the day in question, and had been coming straight home after school every day.
 {¶ 7} Appellant addressed the court and admitted he had made a mistake. He apologized to the court and admitted he had not been responsible.
 {¶ 8} The court placed appellant into court placement, and advised appellant's mother he would be held in detention until there was a bed available.
 II {¶ 9} In his second assignment of error, appellant urges the trial court committed error by accepting an admission of true before determining appellant understood the rights he was waiving.
 {¶ 10} At the beginning of the hearing, the court advised appellant he had been given information concerning his constitutional rights. The court indicated it would go over those rights and explain them, and invited appellant to let the court know if there was something he did not understand The court then outlined appellant's rights in court that day, the potential penalties, and his rights on appeal. The court asked if appellant understood. Appellant responded, "Yes". The court then asked appellant to sign his name at the bottom of various documents, and appellant and his mother signed a one-page document acknowledging he fully understood his rights.
 {¶ 11} The trial court then explained the complaint to appellant but did not tell him the elements of the offense. The court asked if he wished to have a lawyer. Appellant responded, "No". Appellant then admitted the charge prior to the statements by the probation officer and his mother.
 {¶ 12} Recently, this court decided the case In Re: CrystalKindred, a minor child, (July 2, 2004), Licking Appellate No. 04CA7. In this case, appellant requested a court-appointed attorney, but she was found ineligible because her household income exceeded the minimum. Appellant waived her right to counsel and admitted to a charge of theft.
 {¶ 13} On appeal, we found R.C. 2151.352, Juv. R. 4(A) and Juv. R. 29(B) all establish a juvenile's right to counsel. Juv. R. 29(B) sets forth how the court shall conduct a hearing. Some of the procedures which are required are for the court to inform unrepresented parties of their right to counsel and determine if the parties are waiving their right to counsel; appoint counsel for any unrepresented party who does not waive the right; and inform any unrepresented party who waives the right to counsel of the right to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine the witnesses, and upon request, to have a record of all proceedings made, at public expense if indigent.
 {¶ 14} In Kindred, we found a juvenile may waive his or her right to counsel, but the trial court must make sufficient inquiry to determine whether the juvenile does so knowingly, intelligently, and voluntarily, Kindred at 4, citations deleted. Some of the factors the court must review are the juvenile's age, emotional stability, mental capacity, and prior criminal experience. A court should be cautious in finding a waiver. The court's judgment entry does not evaluate these factors, but states the juvenile and his parent (s) were given an opportunity to ask questions and enter into a dialogue with the court concerning the rights.
 {¶ 15} We find although the court listed all of appellant's rights for him, it did not conduct a "dialogue". Appellant spoke once at the end of the court's explanation of his rights, to indicate he understood all the rights. Appellant also indicated he understood what he was charged with, and did not want a lawyer. Appellant received a court-appointed attorney on appeal.
 {¶ 16} Based on the sparse record before us, it appears appellant did not have extensive familiarity with the juvenile court system, because he was previously adjudicated unruly, not delinquent. Appellant pled "true" before the probation officer explained why appellant was arrested, and pled true to a charge he failed to follow the terms and conditions of probation by failing to attend school everyday and subject himself to the discipline and control of school officials. The record indicates appellant did not go to school on one occasion, although admittedly, he had not resolved all of the issues about school.
 {¶ 17} From the transcript of proceedings, this court cannot find the trial court conducted the kind of dialogue anticipated by the juvenile rules, before finding appellant had waived his rights knowingly, voluntarily, or intelligently.
 {¶ 18} The second assignment of error is sustained.
 III {¶ 19} In his third assignment of error, appellant urges he was denied due process and equal protection because of an irregularity in the complaint. Specifically, the complaint alleged a violation of R.C. 2151.02, which is not the correct section, and in fact does not exist. Appellee urges the code section should have been R.C. 2152.02, but argues appellant failed to object to the defect in the complaint prior to the adjudicatory hearing.
 {¶ 20} In the Kindred case, the State argued appellant had waived the issue based on appeal because she did not file objections to the magistrate's decision. This court found the juvenile's failure to object was linked with the fact that she was not represented by counsel. Likewise, here, because we find the record does not demonstrate appellant waived his rights, we do not hold him to the standard of raising an objection to the complaint prior to pleading "true". However, in light of our disposition of II, supra, the State should remedy this defect upon remand
 {¶ 21} The third assignment of error is sustained.
 I {¶ 22} In light of our findings supra, we find the first assignment of error is premature.
 {¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
Gwin, P.J., Hoffman, J., and Farmer, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.