OPINION
{¶ 1} Appellant Christopher Stone appeals from his adjudication on one count of Grand Theft Auto and his sentence entered in the Coshocton County Court of Common Pleas.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The relevant facts leading to this appeal are as follows:
 {¶ 4} On or about November 23, 2003, Appellant Christopher Stone stole a semi-truck belonging to his father. Appellant was arrested and charged with a violation of Grand Theft Auto, in violation of R.C. 2913.02.
 {¶ 5} On December 3, 2003, Appellant was arraigned and denied said charge.
 {¶ 6} Prior to the scheduled trial date of January 6, 2004, after a meeting was held in chambers with defense counsel, the prosecutor and the court, Appellant changed his denial of the charges to an admission.
 {¶ 7} The Court then sentenced Appellant to be placed in the Ohio Department of Youth Services for a minimum period of six (6) months and a maximum period not to exceed his twenty-first birthday.
 {¶ 8} Appellant now appeals, herein raising the following Assignments of Error:
 ASSIGNMENTS OF ERROR {¶ 9} "I. Christopher stone's admission to the charge of grand theft of a motor vehicle ws not knowing, intelligent and voluntary, in violation of the fifth and fourteenth amendments to the United States Constitution, Article I, Sections 10 and 16 of the Ohio Constitution and Juv.R. 29.
 {¶ 10} "II. Christopher stone was denied the effective assistance of counsel when counsel failed to object to the conduct of the hearing and ensure that his juvenile client was entering a knowing, voluntary and intelligent plea."
 I. {¶ 11} In his First Assignment of Error, appellant contends the trial court erred by accepting his admission because same was not knowingly, intelligently and voluntarily made. We agree.
 {¶ 12} Juv.R. 29(D) governs the procedures regarding the entry of an admission by a juvenile by providing as follows:
 {¶ 13} "The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 14} "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 {¶ 15} "(2) The party understands that by entering an admission the party is waiving the right to challenge witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
 {¶ 16} While the trial court need not strictly adhere to the procedures set forth in Juv.R. 29(D), it must substantially comply with the provisions. In re J.J., 9th Dist. No. 21386, 2004-Ohio-1429, at ¶ 9.
 {¶ 17} In accepting an admission from a juvenile, the court is required to personally address the juvenile and conduct an on-the-record discussion to determine whether the admission is being made voluntarily and with an understanding of the nature of the allegations and the possible consequences of the admission. Juv.R. 29(D)(1); In re McKenzie
(1995), 102 Ohio App.3d 275, 277, 656 N.E.2d 1377.
 {¶ 18} "[T]he applicable standard for the trial court's acceptance of an admission is substantial compliance with the provisions of Juv.R. 29(D). . . ." In re Christopher R. (1995), 101 Ohio App.3d 245, 248,655 N.E.2d 280 (quoting In re Meyer (Jan. 15, 1992), Hamilton App. No. C-910292. Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea. In re Palmer (Nov. 21, 1996), Franklin App. No. 96APF03-281 (quoting State v. Nero (1990), 56 Ohio St.3d 106, 564 N.E.2d 474). If there is substantial compliance, a court may conclude the plea was voluntary absent a showing of prejudice. In re West (1998),128 Ohio App.3d 356, 714 N.E.2d 988. The test for prejudice is whether the plea would have otherwise been made. In re Dillard, Stark App. No. 2001CA00121, 2001-Ohio-1897 (citing State v. Stewart (1977),51 Ohio St.2d 86, 364 N.E.2d 1163.
 {¶ 19} Failure of the trial court to substantially comply with the provisions of Juv.R. 29(D) requires reversal, allowing the juvenile to "plead anew." In re Christopher R., supra.
 {¶ 20} Upon review of the record, we find that the court advised him that he was admitting to grand theft of a motor vehicle, a felony 4. (T. at 5. 6-7). The court also advised Appellant that he giving up his right to trial by admitting the offense. Id. The court advised appellant that if he admitted the offense, he would give up his right to cross-examine witnesses on his behalf. Id. The court advised appellant that the plea would waive his right to present his own defense, and would give up his right to remain silent. Id. As the court explained each of these rights, appellant indicated that he understood. Id.
 {¶ 21} However, prior to accepting Appellant's admission, the trial court failed to advise appellant of his eligibility for a commitment to the Department of Youth Services for a minimum period of six months, and a maximum period of his 21st birthday.
 {¶ 22} While we understand that Appellant had previously appeared before the trial court on a charge, and ultimately an admission, of Grand Theft of a Motor Vehicle, based on the failure of the trial court to advise Appellant of the possible penalty he was facing, we cannot find that the court substantially complied with Juv.R. 29, by personally engaging in a discussion with appellant to make sure he understood the consequences of making an admission and the potential penalty.
 {¶ 23} From the transcript of proceedings, this court cannot find the trial court conducted the kind of dialogue anticipated by the juvenile rules, before finding appellant had waived his rights knowingly, voluntarily, or intelligently. In re Christner, Fifth Dist. App. No. 2004AP020014, 2004-Ohio-4252.
 {¶ 24} Appellant's First Assignment of Error is sustained.
 II. {¶ 25} In his second assignment of error, Appellant argues that he was denied the effective assistance of counsel. We disagree.
 {¶ 26} In evaluating an ineffective assistance of counsel claim stemming from a juvenile proceeding, this Court utilizes the same standard as that applied in criminal proceedings. As such, this Court will employ the two step process described in Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. First, we must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client." State v. Bradley (1989),42 Ohio St.3d 136, 141, 538 N.E.2d 373; State v. Lytle (1976),48 Ohio St.2d 391, 396, 358 N.E.2d 623. Second, this Court must determine if prejudice resulted to the defendant from counsel's ineffectiveness.Bradley, 42 Ohio St.3d at 141-142, 538 N.E.2d 373, citing Lytle,48 Ohio St.2d at 396-397, 358 N.E.2d 623. Prejudice exists where there is a reasonable probability that the trial result would have been different but for the alleged deficiencies of counsel. Bradley, 42 Ohio St.3d at paragraph three of the syllabus. Appellant bears the burden of proof, and must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."Strickland, 466 U.S. at 687.
 {¶ 27} Appellant's sole contention is that his trial counsel was ineffective because he failed to object to the court's colloquy with Appellant.
 {¶ 28} Upon review, we do not find that such failure fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant.
 {¶ 29} Appellant's second assignment of error is overruled.
 {¶ 30} We do wish to express our concern over the Appellant's counsel's (State Public Defender) representation that a timely appeal was prevented by lack of service when the file reveals otherwise.
 {¶ 31} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Coshocton County, Ohio, is hereby affirmed in part, reversed in part and remanded for proceeding consistent with this opinion.
Boggins, P.J. Gwin, J. and Hoffman, J. concurs separately.