{¶ 49} I respectfully dissent from the majority's decision. Based on the facts of the case and pertinent law, the juvenile court's awarding custody of four of appellant's six children to CCDCFS was proper because the court substantially complied with Juv.R. 29(D) in accepting appellant's admission to the finding of neglect.
 {¶ 50} Pursuant to Juv.R. 29(D), the court must determine that the "party understands that by entering an admission the party is waiving the right to * * * remain silent." The court must make this determination by substantially complying with the statute. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."State v. Nero (1990), 56 Ohio St.3d 106, 108. In the instant case, the court's colloquy with appellant shows that an inquiry was made into whether appellant knowingly and voluntarily made the admission, which is the purpose behind Juv.R. 29(D).
 {¶ 51} The United States Supreme Court and the Supreme Court of Ohio both made a distinction between juvenile delinquency cases and juvenile custody cases when they held that it is the delinquency case that is akin to an adult felony prosecution. See In re Gault (1967), 387 U.S. 1; Statev. Ballard (1981), 66 Ohio St.2d 473. Failure to mention the right to remain silent during an admission hearing may be per se prejudicial error in a juvenile delinquency proceeding. See In re Onion (1999),128 Ohio App.3d 498; In re Stone, Coshocton App. No. 04-CA-013, 2005-Ohio-1831. However, in light of Ballard and Gault, I am inclined to follow our decision in In the Matter of N.D., supra, where we held that despite not advising the mother of her right to remain silent and to introduce evidence, the court substantially complied with Juv. R.29(D) in a custody proceeding. Therefore, I would affirm the trial court's decision.