{¶ 183} I concur with the majority opinion and write separately to explain that a signed waiver of rights form does not constitute a substitute for a trial court's duty to conduct a thorough, on-the-record inquiry concerning a juvenile's comprehension of the offer of counsel and of the decision to waive counsel under Juv. R. 29(B)(3).
 {¶ 184} Without a detailed inquiry, it cannot be ascertained whether the waiver of counsel was made "knowingly, intelligently and voluntarily" in consideration of the juvenile's age, emotional stability, mental capacity, and prior criminal experience. In Re:Christner, Tuscarawas App. No. 2004AP020014, 2004-Ohio-4252; In Re:Kindred, Licking App. No. 04CA7, 2004-Ohio-3647.
 {¶ 185} In this case, there was a perfunctory reference to the waiver of counsel at the beginning of the adjudication hearing. Appellant, a fifteen-year-old charged with a second degree felony, was informed of the right to counsel, asked if he understood and if he wanted a lawyer. Appellant indicated he understood and stated he did not want a lawyer. The father indicated his agreement with his son's decision to proceed without a lawyer. The trial court then proceeded to address appellant's plea to the charge.[1]
 {¶ 186} Under our prior precedent, merely informing a juvenile of the right to counsel and asking the juvenile if he understands and wants a lawyer does not *Page 26 
constitute a dialogue sufficient to demonstrate the juvenile's comprehension of the right to counsel and waiver of the right.
 {¶ 187} The record does not reflect the court conducted any further on-the-record examination of appellant prior to entering a plea, such as informing appellant of the rights afford under Juv. R. 29(B)(5) (i.e. right remain silent, and cross-examining witness); the advantages and disadvantages of his decision to waive counsel; and the right to counsel to advise him in connection with his decision whether to admit or deny the allegation. In Re Kindred, at ¶ 29, concurring opinion, ("[a]ny waiver of counsel by such child must be done with clear knowledge of what counsel can do for the child").
 {¶ 188} Instead, the trial court proceeded to enter and accept the appellant's plea under the provisions of Juv. R. 29 (C) and (D). The trial court adequately advised the appellant of his rights under Juv. R. 29 (D) in connection with his admission to the charge, but this colloquy cannot logically be substituted for the requirement of substantially compliance with Juv. R. 29 (B), which must necessarily take place prior to the juvenile's plea.
 {¶ 189} This Court is sensitive to the time pressures present each day in the trial courts. But adherence to the provisions of Juv. R. 29 should be required when addressing the issue of waiver, especially here, in felony proceedings, and the record is unclear about appellant's prior history and any earlier legal representation. Further, a thorough and careful waiver procedure will ultimately save time and resources by reducing the likelihood of reversal and new trial. JUDGE PATRICIA A. DELANEY
[1] The trial court similarly questioned appellant's co-defendant, his fourteen-year-old sister, who was also charged with the same second degree felony. The trial court did not inquiry into her mental capacity at the time of waiver of counsel and her plea. Towards the end of the adjudication hearing, it was related to the trial court that she had, at most, the cognitive ability of a ten-year-old. T. p. 29. Nevertheless, the trial court did not re-visit the issue of her ability to knowingly and intelligently waive counsel and enter a plea. *Page 27