OPINION
{¶ 1} On January 30, 2002, appellant, Nicholas Poland, a juvenile, admitted to three counts of gross sexual imposition in violation of R.C. 2907.05. By judgment entry filed March 1, 2002, the trial court approved and adopted the magistrate's February 28, 2002 recommendation to place appellant on probation.
 {¶ 2} On February 5, 2004, appellant's probation officer filed a motion to revoke appellant's probation due to a probation violation. A hearing was held on same day. Appellant appeared without counsel and admitted the probation violation. By judgment entry filed February 5, 2004, the trial court approved and adopted the magistrate's recommendation to commit appellant to the Department of Youth Services (hereinafter "DYS") for a minimum of six months to the maximum of his twenty-first birthday on each of the three counts, to be served consecutively.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court violated nicholas poland's right to counsel and due process under the Fifth, Sixth, andFourteenth Amendments to the United States Constitution, Article I, Section16 of the Ohio Constitution, Ohio Revised Code Section 2151.352
and Juvenile Rules 4 and 29."
 II {¶ 5} "Nicholas Poland's admission to his probation violation was not knowing, voluntary, and intelligent, in violation of theFifth and Fourteenth Amendments to the United States Constitution, Article I, Sections 10 and 16 of the Ohio Constitution, and Juvenile Rule 29."
 III {¶ 6} "Ohio Revised Code Section 2152.17(f) violates the equal protection clause of the fourteenth amendment to the United States Constitution and Article 1, Section 2 of the Ohio Constitution because it does not require the juvenile court to make any findings before it imposes a consecutive sentence for a felony offense in a juvenile delinquency proceeding."
 IV {¶ 7} "The trial court erred when it failed to hold a hearing to determine whether nicholas poland, an indigent juvenile, was able to pay the sanctions imposed by the juvenile court and failed to consider community service in lieu of the financial sanctions in violation of R.C. 2152.20."
 V {¶ 8} "Nicholas Pond was denied his constitutional rights to due process and equal protection of the law when the trial court ordered nicholas to pay a fine and court costs without first determining his present and future ability to pay the amount of the sanction."
 I, II {¶ 9} In these assignments, appellant challenges the trial court's procedures in informing him of his right to counsel and in obtaining a voluntary admission to the probation violation. Because these issues are basically intertwined, we will discuss them jointly.
 WAIVER OF COUNSEL {¶ 10} Appellant claims his dialogue with the trial court on this issue was insufficient:
 {¶ 11} "THE COURT: Do you understand, Nicholas, that you have the right to be represented by an attorney at today's hearing?
 {¶ 12} "N. POLAND: Yes, I do.
 {¶ 13} "THE COURT: If you cannot afford an attorney and you qualify under state guidelines, I will appoint an attorney to represent you. Do you understand that?
 {¶ 14} "N. POLAND: Yes.
 {¶ 15} "THE COURT: Do you wish to go forward with your hearing today without an attorney?
 {¶ 16} "N. POLAND: Yes, I do." February 5, 5, 2004 T. at 2-3.
 {¶ 17} Juv.R. 3 governs waiver of rights in juvenile proceedings and states, "A child's right to be represented by counsel at a hearing conducted pursuant to Juv. R. 30 may not be waived. Other rights of a child may be waived with the permission of the court." Clearly a waiver of right to counsel with the permission of the court is valid in all but Juv.R. 30 bindover proceedings. R.C. 2151.352, which governs right to counsel, states the following:
 {¶ 18} "A child, or the child's parents, custodian, or other person in loco parentis of such child is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152. of the Revised Code and if, as an indigent person, any such person is unable to employ counsel, to have counsel provided for the person pursuant to Chapter 120. of the Revised Code. If a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person. The court may continue the case to enable a party to obtain counsel or to be represented by the county public defender or the joint county public defender and shall provide counsel upon request pursuant to Chapter 120. of the Revised Code. Counsel must be provided for a child not represented by the child's parent, guardian, or custodian. If the interests of two or more such parties conflict, separate counsel shall be provided for each of them."
 {¶ 19} The record sub judice reveals a minimal discussion with the child regarding his right to counsel, and no discussion with the accompanying parent, appellant's father. Both the child and his father signed a written waiver of right to counsel on the day of the hearing.
 {¶ 20} It is appellant's position that although his father was present, his father was not his advocate and his father's interests differed from his. At one point, appellant's father admitted he no longer had "any more solutions" to control appellant's behavior, and he could no longer protect appellant or the community. T. at 11-12. At best, appellant's father took a neutral position and at worst, he begged for juvenile court involvement.
 {¶ 21} Appellant also argues the record does not support the fact that he and his father ever discussed the issues. Appellant's own words belie this assertion:
 {¶ 22} "N. POLAND: My dad, when we were talking to Brian over there, he was having to make some decisions and — on like what he wanted to do and all, what he thought, and he told me to trust him. I trusted everything he says. I know I brought this on myself. I knew sooner or later I was going to do something and I was going to get put in jail or D-Y-S for a long time. * * *" T. at 15-16
 VOLUNTARINESS OF ADMISSION {¶ 23} Appellant asserts his admission was not knowingly and voluntarily made.
 {¶ 24} Although the trial court engaged in a Crim.R 11 colloquy with appellant, it never answered appellant's main concern which was how long he would be required to stay at DYS. This concern was expressed to the trial court, but the trial court refused to answer, although given the length of time from admission to disposition, the trial court obviously knew the answer. The trial court never explained that consecutive minimum sentences would need to be served before any release for good behavior. T. at 9. The trial court informed appellant "your disposition could include a commitment to the custody of the Ohio Department of Youth Services for anywhere from six months up until you reaching the age of twenty-one years." T. at 7. Given the explanation of rights, we find appellant made his admission upon his knowledge that the minimum sentence could be six months when in fact the disposition was six months on each of the three counts for a total of eighteen months.
 {¶ 25} We find this confusion was impacted by the lack of counsel, and this lack of knowledge impacted appellant's waiver of counsel and admission. Upon review, we find in the case sub judice the father's interests were in fact adverse to the child's.
 {¶ 26} Assignments of Error I and II are granted.
 III, IV, V {¶ 27} Given our decision in the previous assignments of error, these assignments are moot.
 {¶ 28} The judgment of the Court of Common Pleas of Licking County, Ohio, Juvenile Division is hereby reversed.
Farmer, J., Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, Juvenile Division is reversed.