OPINION
{¶ 1} On November 1, 2005, a complaint was filed alleging appellant, Pamela Loos, a minor, to be a delinquent child in that she possessed drugs in violation of R.C. 2925.11/R.C. 2152.02. On same date, appellant admitted to the charge. Appellant was not represented by counsel and had waived her right to counsel.
 {¶ 2} A dispositional hearing before a magistrate was held on December 1, 2005. By decision filed same date, the magistrate recommended commitment to the Department of Youth Services for an indefinite term consisting of a minimum of six months and a maximum period not to exceed age twenty-one. By judgment entry filed December 2, 2005, the trial court approved and adopted the magistrate's decision.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT VIOLATED PAMELA LOOS' RIGHT TO COUNSEL AND DUE PROCESS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, OHIO REVISED CODE SECTION 2151.352 AND JUVENILE RULES 4 AND 29."
 I {¶ 5} Appellant claims the trial court erred in failing to properly advise her of her right to counsel, and claims she did not voluntarily and knowingly waive her right to counsel. We disagree.
 {¶ 6} R.C. 2151.352 governs right to counsel in juvenile proceedings and states the following:
 {¶ 7} "A child, the child's parents or custodian, or any other person in loco parentis of the child is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152. of the Revised Code. If, as an indigent person, a party is unable to employ counsel, the party is entitled to have counsel provided for the person pursuant to Chapter 120. of the Revised Code except in civil matters in which the juvenile court is exercising jurisdiction pursuant to division (A)(2), (3), (9), (10), (11), (12), or (13); (B)(2), (3), (4), (5), or (6); (C); (D); or (F)(1) or (2) of section 2151.23 of the Revised Code. If a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person. The court may continue the case to enable a party to obtain counsel, to be represented by the county public defender or the joint county public defender, or to be appointed counsel upon request pursuant to Chapter 120. of the Revised Code. Counsel must be provided for a child not represented by the child's parent, guardian, or custodian. If the interests of two or more such parties conflict, separate counsel shall be provided for each of them."
 {¶ 8} Juv.R. 4(A) governs assistance of counsel and states the following:
 {¶ 9} "Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. When the complaint alleges that a child is an abused child, the court must appoint an attorney to represent the interests of the child. This rule shall not be construed to provide for a right to appointed counsel in cases in which that right is not otherwise provided for by constitution or statute."
 {¶ 10} Juv.R. 29 governs adjudicatory hearings. Subsection (B) states the following in pertinent part:
 {¶ 11} "At the beginning of the hearing, the court shall do all of the following:
 {¶ 12} "(3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;
 {¶ 13} "(4) Appoint counsel for any unrepresented party under Juv. R. 4(A) who does not waive the right to counsel;
 {¶ 14} "(5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent."
 {¶ 15} In order to have a valid waiver of counsel, the record must demonstrate the defendant was offered counsel, but "intelligently and understandingly rejected the offer." Carnleyv. Cochran (1962), 369 U.S. 506, 516.
 {¶ 16} Appellant concedes she told the trial court she wished to proceed without counsel and signed the waiver of counsel form, but argues her waiver of counsel was not knowingly and voluntarily given. Appellant's Brief at 4-5, Appendix A-11-A-17.
 {¶ 17} We have reviewed the record of the hearings regarding appellant's waiver of counsel and find all of the requirements of Juv.R. 29(B) have been met. We also find the colloquy between the trial court and appellant is identical to the colloquy we approved of in In re: Corey Spears, Licking App. No. 2005-CA-93, 2006-Ohio-1920, ¶ 6-13.
 {¶ 18} In the case sub judice, the trial court explained to appellant her right to counsel, the nature, elements and category of the charge, her right to a trial, the possible commitment, her right to remain silent, her right to present evidence in her defense and her right to cross-examine witnesses. November 1, 2005 T. at 3-7. As each right was explained, appellant answered that she understood the right. Appellant and her mother agreed to proceed without counsel. Id. at 5. Likewise, during the December 1, 2005 dispositional hearing, appellant was again explained her right to counsel and the possible commitment, and appellant stated she understood. December 1, 2005 T. at 4-5. Again, appellant and her mother agreed to proceed without counsel. Id. at 5.
 {¶ 19} In support of her arguments, appellant cites this court's opinion in In re: Nicholas Poland, Licking App. No. 04CA18, 2004-Ohio-5693, wherein this writer found the waiver of counsel to be ineffective. However, in the Poland case, the defendant had repeatedly asked the trial court what the sentence would be prior to waiving counsel and the trial court refused to answer the question. We find these facts distinguish Poland
from this case, and this case falls squarely within the Spears
fact pattern.
 {¶ 20} Based on a review of the record as a whole, and in consideration of appellant's and her mother's affirmations that they wished to proceed without counsel, we find appellant's waiver of counsel was voluntarily, knowingly and understandingly given.
 {¶ 21} The sole assignment of error is denied.
 {¶ 22} The judgment of the Court of Common Pleas of Licking County, Ohio, Juvenile Division is hereby affirmed.
Farmer, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, Juvenile Division is affirmed.