**In re B.S., a Minor.**

Court of Common Pleas of Ohio,
Cuyahoga County,
Juvenile Court Division.

No. 9716068.

Decided Feb. 12, 1998.

**36**

Stephanie Tubbs Jones, Cuyahoga County Prosecuting Attorney, and Peter Corrigan, Assistant Prosecuting Attorney, for the state.

James A. Draper, Cuyahoga County Public Defender, Christopher Scott Maher and Salvatore Amata, Assistant Public Defenders, for the juvenile.

PETER M. SIKORA, Judge.

This matter came before the court on the 12th of February 1998 upon the motion of the juvenile herein (B.S.), for an order finding R.C. 2151.26(B)(4)(b), the gun-specification portion of the mandatory waiver of juvenile court jurisdiction statute, unconstitutional based on a denial of due process of law. The juvenile contends that the statute fails to provide a standard of proof and requires the state merely to *allege* the child to have had a firearm on or about his person or under his control while committing the act charged and to have displayed, brandished, indicated possession of, or used the firearm to facilitate the commission of the act charged.

Due to the level of the charges and the age of B.S. on the date of the alleged offense, this court was required to set the matter for hearing pursuant to R.C. 2151.26(B) and Juv.R. 30, to determine whether probable cause exists to believe that the juvenile committed the acts alleged in the complaint. This is commonly referred to as the "mandatory bindover" provision.

If probable cause is found, this court must waive jurisdiction and transfer the matter to the general division of the court of common pleas for the juvenile's prosecution as an adult.

## FACTUAL BACKGROUND

On the 11th of December 1997, the Cleveland Police Department caused to be filed a complaint in the above-captioned matter, alleging B.S. to be delinquent by reason of alleged violation of R.C. 2911.11(A)(2), which prohibits aggravated burglary, a felony of the first degree. This charge is accompanied by a gun specification pursuant to R.C. 2151.26(B)(4)(b).

Because aggravated burglary is a felony of the first degree, a category two offense for purposes of the bindover statute, and the state has alleged the juvenile to have had a firearm on or about his person or under his control while committing the act charged and to have displayed, brandished, indicated possession of, or used the firearm to facilitate the commission of the act charged, this matter is in the nature of a mandatory bindover.

On the 12th of February 1998, a probable cause hearing was held at which the state presented evidence showing probable cause to believe that on December 10, 1997, the juvenile gained access to an occupied dwelling not his own by stealth with the purpose of committing a theft offense while inside the residence. Testimony demonstrated that the child entered the home through an unlocked door and that in fact no confrontation occurred inside the home.

Moments thereafter, the child was seen fleeing the residence while carrying a Nintendo game. Testimony further indicated that the juvenile possessed a handgun that was tucked in the rear of his pants along the waistline. Although a portion of the handgun was clearly visible as the juvenile fled, no evidence whatsoever suggested that B.S. displayed, brandished, indicated possession of, or used the firearm to facilitate the offense. The gun was seen only in the rear of his pants as he fled the scene.

 Because the state failed to meet the elements of the gun specification of R.C. 2151.26(B)(4)(b) as set forth above, probable cause was found only as to aggravated burglary, but not as to the gun specification. R.C. 2151.26(B)(4)(b) requires *both* that the child have had a firearm on or about his person or under his control while committing the act charged *and* to have somehow employed the firearm to facilitate the commission ·of the act charged. Inasmuch as probable cause was shown only as to the first prong, the matter is not subject to mandatory transfer to the general division of the court of common pleas.

## LAW

The issue presented is whether subsection (B)(4)(b) of R.C. 2151.26 of the mandatory bindover statute amounts to an unconstitutional deprivation of due process of law because it appears to vest sole discretion with the state by allowing the state merely to *allege* that the juvenile had a firearm on or about his person or under his control while committing *the act charged* and to have displayed, brandished, indicated possession of, or used the firearm to facilitate the commission of the act charged without requiring the juvenile court to apply a standard of proof to the allegation.

 All legislation carries with it a strong presumption of constitutionality. *State v. Smith* (1997), 80 Ohio St.3d 89, 99, 684 N.E.2d 668, 681. In order for a

statute to be deemed unconstitutional, the court must determine its unconstitutionality beyond a reasonable doubt. *State v. Thompkins* (1996), 75 Ohio St.3d 558, 560, 664 N.E.2d 926, 928. All doubts regarding the validity of the enactment should be resolved in favor of the statute. *State v. Gill* (1992), 63 Ohio St.3d 53, 55, 584 N.E.2d 1200, 1201.

However, juveniles brought before Ohio's juvenile courts are entitled to due process of law, especially in transfer proceedings. The United States Supreme Court has held that hearings regarding juvenile court relinquishment of jurisdiction and transfer for adult prosecution "must measure up to the essentials of due process and fair treatment." *Kent v. United States* (1966), 383 U.S. 541, 562, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84, 98; see, also, *State v. Adams* (1982), 69 Ohio St.2d 120, 431 N.E.2d 326. *Kent* mandates, *inter alia*, that a hearing be conducted prior to the finding of probable cause or lack of probable cause. *Id.* at 554, 86 S.Ct. at 1053, 16 L.Ed.2d at 93.

Permitting the state merely to allege the juvenile to have possessed *and* displayed, brandished, indicated possession of, or used the firearm in the commission of the offense, without application of a standard of proof, would not pass constitutional muster. Therefore, in an effort to interpret the statute as constitutional, while protecting the procedural rights of juveniles, this court reasons that R.C. 2151.26(B)(4)(b) requires the state to prove *probable cause* to believe the foregoing, rather than merely to assert the allegation regarding a firearm.

It has been held that a court's construction of a legislative enactment must bear some reasonable relation to its language, and the court may not insert provisions not incorporated by the legislature. *Akron v. Rowland* (1993), 67 Ohio St.3d 374, 380, 618 N.E.2d 138, 143–144, This court holds that the firearm specification as set forth in R.C. 2151.26(B)(4)(b) is an essential portion of "the act charged" for purposes of a probable cause hearing in a mandatory bindover proceeding. Application of the probable cause standard of proof to the firearm portion of an allegation in a mandatory waiver of jurisdiction matter is consistent with the legislatively imposed burden of probable cause contained in R.C. 2151.26(B), which requires the court to determine "if there is probable cause to believe the child committed the act charged."

The legislature is not permitted to abdicate its responsibility for setting standards of criminal (and presumably juvenile) law. *Smith v. Goguen* (1974), 415 U.S. 566, 575, 94 S.Ct. 1242, 1248, 39 L.Ed.2d 605, 615. A failure to impose the probable cause standard regarding whether or not a juvenile possessed and displayed, brandished, indicated possession of, or used the firearm during the crime would permit arbitrary and potentially discriminatory charging, as well as the certain bindover of juveniles to the adult justice system by law

enforcement and prosecution without accountability to the court. This court has the duty to construe statutes to avoid absurd results. *Canton v. Imperial Bowling Lanes* (1968), 16 Ohio St.2d 47, 45 O.O.2d 327, 242 N.E.2d 566, paragraph four of syllabus; *State v. Blagajevic* (1985), 21 Ohio App.3d 297, 299, 21 OBR 443, 445, 488 N.E.2d 495, 498 (Cuyahoga County).

Further, all ambiguities in criminal or delinquency statutes are to be resolved in favor of the accused, especially when the penalty prescribed is severe. *State v. Blagajevic* at 297, 21 OBR at 444, 488 N.E.2d at 497, citing R.C. 2901.04(A); see, also, *United States v. United States Gypsum Co.* (1978) 438 U.S. 422, 98 S.Ct. 2864, 57 L.Ed.2d 854, and *State v. Young* (1980), 62 Ohio St.2d 370, 406 N.E.2d 499, 16 O.O.3d 416, 406 N.E.2d 499. Relinquishment of juvenile court jurisdiction is potentially the most severe sanction imposed on a child in the juvenile justice system.

This determination is consistent with the sections in R.C. Chapter 2151, which are to be liberally construed so as to assure juveniles a "fair hearing," and the enforcement of their "constitutional and other legal rights." R.C. 2151.01(D); Juv.R. 1(B)(1).

Therefore, this court holds that the probable cause standard of proof applies to the gun-specification portion of the mandatory bindover provision set forth in R.C. 2151.26(B)(4)(b), which requires the juvenile to have had the firearm on or about his person or under his control while committing the act charged *and* to have displayed, brandished, indicated possession of, or used the firearm to facilitate the offense. Further, this gun specification provision is an essential component of "the act charged."

Having considered the evidence, and in light of the foregoing analysis, this court finds that the state has failed to prove probable cause as to the gun specification.

This matter shall be set for further proceedings in accordance with law.

So ordered.

*Judgment accordingly.*