The STATE of Ohio, Appellee,

v.

SIMPSON, Appellant.

[Cite as State v. Simpson, 148 Ohio App.3d 221, 2002-Ohio-3077.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 01–CA–00097.

Decided June 17, 2002.

Jenny Gonzalez, Licking County Assistant Prosecuting Attorney, for appellee.

Andrew T. Sanderson, for appellant.

EDWARDS, Judge.

{¶ 1}  Defendant-appellant Patrick Simpson appeals from the July 3, 2001 judgment entry of the Licking County Court of Common Pleas, Juvenile Division, ordering that defendant-appellant be bound over to the Licking County Court of Common Pleas, General Division, for prosecution as an adult.  Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶ 2}  On December 10, 1999, a complaint was filed in the Licking County Court of Common Pleas, Juvenile Division, alleging that appellant was a delinquent child by virtue of having committed acts which, if committed by an adult, would have constituted the offense of aggravated robbery, a felony of the first degree.  The complaint specifically alleged that, on or about August 21, 1999, appellant, along with two other individuals, attempted to rob a cab driven by Ronald Thornton and that during the incident, appellant "displayed a sawed-off shotgun, and threatened Mr. Thornton with the shotgun."

{¶ 3}  Subsequently, on May 25, 2001, a motion for bindover was filed by appellee.  Appellee, in its motion, specifically requested that appellant be bound over to the Licking County Court of Common Pleas, General Division, pursuant to R.C. 2151.26(B)(4) and Juv.R. 30(B).  Thereafter, on June 8, 2001, appellee filed a motion to amend, seeking to amend the motion for bindover to include R.C. 2151.26(B)(2) "as statutory authority for the basis of transfer of this matter

to the Court of Common Pleas, General Division." As memorialized in a judgment entry filed on June 20, 2001, the trial court granted appellee's motion to amend.

{¶ 4} On July 2, 2001, a hearing was held in the Licking County Court of Common Pleas, Juvenile Division. Pursuant to a judgment entry filed on July 3, 2001, the trial court found that there was probable cause to believe that:

{¶ 5} "1. Patrick Keith Simpson is age nineteen (19), having been born on April 1, 1982 to Marian Simpson, his mother, of Branchville, South Carolina. His birth occurred in Orangeburg, South Carolina.

{¶ 6} "2. At the time of the commission of the alleged offense on August 21, 1999, Patrick Keith Simpson was age seventeen (17) and was domiciled in the state of South Carolina but was visiting a relative in Newark, Licking County, Ohio. He returned to South Carolina on August 22 or 23, 1999.

{¶ 7} "3. Patrick Keith Simpson did commit on August 21, 1999 in the County of Licking, State of Ohio the offense of aggravated robbery, a felony of the first degree, which is a category two offense."

{¶ 8} The trial court, in its entry, further found, by "clear and convincing evidence" that appellant was domiciled in the State of South Carolina at the time of the commission of the offense and that if "the act charged in this case (aggravated robbery in which a deadly weapon is utilized) had been committed in the state of South Carolina, [appellant] would be subject to criminal prosecution as an adult under the laws of South Carolina." For the above reasons, the trial court transferred appellant's case to the Licking County Court of Common Pleas, General Division, "for adult prosecution" pursuant to R.C. 2151.26(B)(2)[1] and Juv.R. 30(B).

{¶ 9} On August 16, 2001, the Licking County Grand Jury indicted appellant on one count of aggravated robbery in violation of R.C. 2911.01(A)(1) and/or (A)(2), a felony of the first degree, and one count of unlawful possession of dangerous ordnance in violation of R.C. 2923.17(A), a felony of the fifth degree. Both counts contained firearm specifications. At his arraignment on August 27, 2001, appellant entered a plea of not guilty to the charges contained in the indictment.

{¶ 10} Thereafter, a jury trial commenced on September 28, 2001, in the Licking County Court of Common Pleas, General Division. Prior to the commencement of trial, appellant orally moved the trial court for a dismissal of the charges against him on the basis that the trial court lacked jurisdiction because appellant was a juvenile at the time of the offenses. The trial court, however, denied appellant's oral motion. The jury subsequently returned with verdicts

---

1. Appellee, at the bindover hearing, conceded that R.C. 2151.26(B)(4) was not applicable.

finding appellant guilty of the two charges contained in the indictment as well as the two gun specifications. As memorialized in a judgment entry filed on October 3, 2001, the trial court sentenced appellant to an aggregate prison sentence of six years.

{¶ 11} It is from his conviction and sentence that appellant now prosecutes his appeal, raising the following assignment of error:

{¶ 12} "The trial court committed harmful error in binding the defendant–appellant over to the adult court to dispose of the instant matter."

## I

{¶ 13} Appellant, in his sole assignment of error, argues that the trial court erred in binding appellant over to the Licking County Court of Common Pleas, General Division, for prosecution as an adult. We disagree.

{¶ 14} As is stated above, the trial court, in its July 3, 2001 judgment entry, ordered that appellant be bound over to the Licking County Court of Common Pleas, General Division, pursuant to R.C. 2151.26(B)(2) and Juv.R. 30(B). R.C. 2151.26[2] states:

{¶ 15} "(B) After a complaint has been filed alleging that a child is a delinquent child for committing an act that would be an offense if committed by an adult, the court at a hearing shall transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense if the child was fourteen years of age or older at the time of the act charged, if there is probable cause to believe that the child committed the act charged, and if one or more of the following applies to the child or the act charged:

{¶ 16} "* * *

{¶ 17} "(2) The child is domiciled in another state, and, if the act charged had been committed in that other state, the child would be subject to criminal prosecution as an adult under the law of that other state without the need for a transfer of jurisdiction from a juvenile, family, or similar noncriminal court to a criminal court."

{¶ 18} R.C. 2151.26(B)(2) clearly was intended to prevent out-of-state minors from coming into Ohio and committing offenses which would subject them to punishment as an adult in their state of domicile but, in Ohio, are under the jurisdiction of the juvenile court.

---

2.  R.C. 2151.26 has since been amended and recodified as R.C. 2152.12, effective January 1, 2002.

{¶ 19}  Appellant, in the case sub judice, does not challenge the trial court's conclusions that there was probable cause to believe that appellant committed the offense of aggravated robbery or that appellant was 17 years old at the time of the commission of such offense.  Nor does appellant argue that the bindover requirements set forth in Juv.R. 30 were not met.  However, appellant does challenge the trial court's determination that appellant was domiciled in the state of South Carolina.

{¶ 20}  As appellant notes in his brief, the first issue for determination is whether R.C. 2151.26(B)(2), when speaking of the child being "domiciled in another state," is referring to domicile at the time of the commission of the offense or, rather, domicile at the time of the bindover hearing.  We agree with appellant that this is a case of first impression because there appear to be no decisions that have applied or interpreted R.C. 2151.26(B)(2).

{¶ 21}  Pursuant to R.C. 2151.01, the chapters within R.C. Chapter 2151 relating to juveniles are to be liberally construed and interpreted.  "[A]ll ambiguities in criminal or delinquency statutes are to be resolved in favor of the accused, especially when the penalty prescribed is severe. * * *  Relinquishment of juvenile court jurisdiction is potentially the most severe sanction imposed on a child in the juvenile justice system." *In re B.S.* (1998), 103 Ohio Misc.2d 34, 39, 725 N.E.2d 362.  See, also, R.C. 2901.04(A) and *State v. Richard* (1998), 129 Ohio App.3d 556, 718 N.E.2d 508. As noted by appellant in his brief, when construing the domicile requirement in R.C. 2151.26(B)(2) in favor of appellant, "the current ambiguity must be resolved in favor of weighing the question of a child's domicile at the time of the offense."[3]  Such an interpretation is in accord with the reference in R.C. 2151.26(B)(2) to the child's age at the "time of the act charged."

{¶ 22}  The next issue for determination is whether the trial court erred in finding that appellant was domiciled in South Carolina at the time of the commission of the offense.  "Domicile" is defined as "[t]hat place where a man has his true, fixed, and permanent home and principal establishment, and to which whenever he is absent he has the intention of returning."  Black's Law Dictionary (6th Ed.1991).  As is stated above, the trial court, in its entry, specifically found "by clear and convincing evidence that [appellant] was domiciled in the State of South Carolina at the time of the commission of the offense" and that if "the act charged in this case (aggravated robbery in which a deadly weapon is utilized) had been committed in the State of South Carolina, [appellant] would be subject to criminal prosecution as an adult under the laws of South

---

3.  We note that appellee, at the oral argument in this matter, agreed that, when speaking of domicile, R.C. 2151.26(B)(2) was referring to domicile at the time of the commission of the offense.

Carolina." The trial court, in its entry, further found that there was "probable cause" to believe that appellant was domiciled in the state of South Carolina at the time of commission of the alleged offense. Appellant now contends that the record is devoid of any evidence to support such finding.

{¶ 23} We find that the trial court did not err in holding that there was clear and convincing evidence that appellant was domiciled in South Carolina at the time of the commission of the offense.[4] Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus. At the July 2, 2001 hearing in this matter, Heath Heistand testified that appellant was living with him in an apartment in Newark, Ohio, for about a week or two around the time of the robbery in August 1999. The following testimony was adduced when Heistand was asked whether appellant told him why he had come to Newark from South Carolina:

{¶ 24} "A. Yeah, he said he got into some trouble down in South Carolina. Some charges were pending and he didn't want to stay down there.

{¶ 25} "Q. Did he indicate whether or not he had warrants for his arrest in South Carolina?

{¶ 26} "A. He didn't say that. He just said he got in trouble." Transcript at 69.

{¶ 27} Heistand further testified that appellant was from either Branchville or Orangeburg, South Carolina, and that, while appellant was supposed to spend at least a couple of months in Newark, after the robbery, "all of sudden, he wants to go back to South Carolina." Transcript at 81.

{¶ 28} Detective Kevin Wells of the city of Newark Police Department also testified at the July 2, 2001 bindover hearing. Detective Wells testified that after contacting the police department in Branchville, South Carolina, he "eventually did get some information on a young man named Patrick Simpson that had been in trouble down there." Transcript at 127. When Detective Wells traveled to South Carolina to speak with appellant on December 14, 1999, appellant, who was incarcerated at the time, filled out a *Miranda* warning form. The following

---

4. While, as is stated above, the trial court, in its entry, also found that there was "probable cause" to believe that appellant was domiciled in South Carolina at the time of the offense, we do not believe that "probable cause" is the proper standard. While R.C. 2151.26(B)(2) specifically requires a trial court to determine whether there was "probable cause" to believe that the child committed the act charged, it does not expressly require a trial court to determine whether there was "probable cause" that the child was domiciled in another state. Had the legislature intended for a probable-cause standard also to be applied to domicile, it could have expressly so provided.

testimony was adduced when Detective Wells was asked what information appellant filled out on the form:

{¶ 29} "A. His name.

{¶ 30} "Q. Which was what?

{¶ 31} "A. Patrick Keith Simpson.

{¶ 32} "Q. Okay.

{¶ 33} "A. The address, 512 Laney Street. Social Security number, * * *— it's a little hard to read his writing. For me it is. I am not sure what the rest of it is there. His date of birth. It appears to be 4/1/82. And education level, he put ten. And under, can subject read and write the English language, he put his initials and yes in the yes spot.

{¶ 34} "Q. Are you familiar with 512 Laney Street as to where that is located?

{¶ 35} "A. Yes. When we did travel to South Carolina, we went to the local police department there and made contact with them. And one of their officers drove us to Patrick's residence. We attempted to make contact with his mother to talk to her and it was 512 Laney Street in Branchville, South Carolina.

{¶ 36} "Q. Okay.

{¶ 37} "A. I believe.

{¶ 38} "Q. Were you able to make contact with Patrick's mother?" Transcript at 136–137.

{¶ 39} Based on the foregoing, we find that the trial court did not err in holding that there was clear and convincing evidence that appellant was domiciled in South Carolina at the time of the commission of the offense. We find that the evidence presented at the bindover hearing would "produce in the mind of the trier of facts a firm belief or conviction" that appellant was domiciled in South Carolina at the time of commission of the offense in the case sub judice.

{¶ 40} Appellant's sole assignment of error is, therefore, overruled.

{¶ 41} Accordingly, the judgment of the Licking County Court of Common Pleas, Juvenile Division, is affirmed.

*Judgment affirmed.*

GWIN, P.J., and FARMER, J., concur.