OPINION
{¶ 1} Juvenile Appellant Robert L. Lohr appeals the decision of the Monroe County Court of Common Pleas, Juvenile Division, finding him in violation of his probation and imposing the terms of his prior delinquency disposition. His prior delinquency adjudication in 2002 arose from a charge of forcible rape, which was reduced to an admission to the charge of gross sexual imposition. He was placed in the care of the Department of Youth Services (DYS) for a minimum of six months to a maximum which will be reached on the date he attains age 21. The penalty was suspended and Appellant was placed on probation. Numerous probation revocation proceedings were initiated at different times within a three year period. Appellant contends that he was not properly afforded his right to an attorney at both the adjudication and dispositional phases of the most recent probation revocation proceeding. He also argues that the court failed to timely notify him of the basis for the probation revocation and failed to explain the consequences of his admission of the violation.
 {¶ 2} Appellee contends that Appellant has been through numerous probation revocation hearings arising from the 2002 delinquency adjudication and had been previously advised of his right to counsel at least seven times. Appellee also points out that Appellant's guardian ad litem, his custodian, and members of the DYS were at the hearing to assist him. Appellee concludes that, under the circumstances, Appellant waived the right to counsel. Appellee's arguments are not persuasive. No matter how many times Appellant has been through the probation *Page 3 
revocation process, the court was required to make it clear that he had a right to assistance of counsel, and any waiver of that right must be equally clear from the record. The judgment of the trial court and Appellant's admission are hereby vacated, and the case is remanded for further proceedings.
 PRIOR HISTORY OF THE CASE {¶ 3} On June 7, 2002, Appellant was charged with delinquency based on an alleged forcible rape. The charge arose from events that occurred on June 6, 2002, in which Appellant was accused of engaging in oral sex with a five-year old boy. Appellant was eleven years old when the incident took place.
 {¶ 4} Counsel was appointed, and on July 25, 2002, Appellant admitted to the reduced charge of gross sexual imposition.
 {¶ 5} On August 13, 2002, the Monroe County Court of Common Pleas, Juvenile Division, ordered Appellant to be detained in the custody of the Department of Youth Services for a period of not less than six months up to a maximum which will be reached on the date Appellant attains age 21. The court also ordered Appellant to submit to drug/alcohol and mental health assessments, to obtain counseling, to perform 500 hours of public service work, to pay a fine of $1,200 or further public service work if the fine could not be paid, and to pay court costs within 30 days. The sentence was suspended and Appellant was placed on probation until age 21 and committed to Oakview Juvenile Rehabilitation Center.
 {¶ 6} On October 3, 2002, Appellant was charged with violating his probation due to possession of drugs in school. He was arraigned on October 3, 2002. He *Page 4 
appeared without counsel, and at the arraignment he admitted to the probation violation.
 {¶ 7} On October 24, 2002, another motion to revoke probation was filed due to Appellant's failure to obey rules at Oakview Juvenile Rehabilitation Center. A hearing was held on November 6, 2002, at which Appellant was advised of his right to counsel. He waived the right to counsel and admitted to the probation violation. The court proceeded to disposition and ordered that Appellant be placed in the care of the Monroe County Department of Job and Family Services for placement at New Horizon Youth Center.
 {¶ 8} On March 23, 2003, a motion to revoke probation was filed for failure to follow the rules at New Horizon Youth Center. A hearing was held on April 4, 2003, at which Appellant was not represented by counsel, and there is no indication that he was told of his right to counsel. The court found that Appellant violated his probation based on 20 incident reports from New Horizon Youth Center. Disposition was postponed to a later date.
 {¶ 9} Other motions to revoke probation were filed on October 27, 2003, and November 24, 2003. A hearing was held on November 21, 2003, at which Appellant was advised of his right to counsel. He waived that right and admitted to the probation violation. Disposition occurred immediately, and Appellant was ordered to serve 16 days in detention.
 {¶ 10} On January 20, 2004, yet another motion to revoke probation was filed, alleging that Appellant assaulted Brian Warrington, an employee of New Horizon *Page 5 
Youth Center. Appellant tried to stab Mr. Warrington with a pencil, and there are indications that he also bit another staff member in the face. Appellant was arraigned the same day, and counsel was appointed. On February 2, 2004, Appellant, with counsel, admitted to assault and criminal damaging, and the court immediately reimposed the original punishment from August 13, 2002, ordering Appellant to be committed to the Department of Youth Services for a period of not less than six months and a maximum set at the date Appellant reaches age 21. On March 4, 2004, Appellant filed an appeal to this Court.
 {¶ 11} On March 10, 2004, the trial court held a hearing to determine if Appellant should be granted judicial release. Appellant appeared with counsel. The court filed a journal entry the same day granting Appellant judicial release and transferring custody of Appellant to the Monroe County Department of Job and Family Services.
 {¶ 12} On March 15, 2004, the court filed a judgment entry more fully explaining the terms of judicial release and probation. The first requirement of probation was that Appellant obey all state and local laws. There were a total of 13 terms of probation listed in the judgment entry.
 {¶ 13} On March 30, 2004, Appellant filed a motion to dismiss the pending appeal. This Court dismissed the appeal on April 26, 2004.
 {¶ 14} On July 1, 2004, the state filed a motion to revoke probation because Appellant ran away from his residential placement and resisted arrest. A hearing was held on July 8, 2004. Appellant was advised of his right to counsel. He waived the *Page 6 
right, and admitted to the probation violation. The court held a dispositional hearing on July 19, 2004. The court ordered Appellant to continue in the custody of the Monroe County Department of Job and Family Services, and placed him under community control until May 21, 2009.
 {¶ 15} On June 15, 2005, the court filed a journal entry reviewing Appellant's case. The entry noted that Appellant was doing much better in complying with the rules at the Certified Ohio Boys Residential Academy ("C.O.B.R.A."), and had no derogatory incident reports for two months. The court stated that the projected date for Appellant's permanent adoption was January 1, 2008. The court continued the prior case plan. Then, on July 14, 2005, the court filed another review update, and terminated Appellant's placement with C.O.B.R.A. and found that he was not ready for adoption because he was undisciplined and violent.
 {¶ 16} On December 5, 2005, Appellant's probation officer filed another motion to revoke probation because he failed to follow school rules and was disrespectful to his foster parents. This motion was later withdrawn, but another motion followed on January 3, 2006, stating that Appellant left his public service work without permission and that his whereabouts were unknown. A hearing was held on the same day, and Appellant again waived his right to counsel and admitted to the charge. On January 23, 2006, the trial court filed its disposition order. Appellant was taken out of foster care and was sent to a treatment facility in Kokomo, Indiana.
 {¶ 17} On May 1, 2006, another motion to revoke probation was filed, stating that Appellant was charged with two counts of auto theft in Indiana; Class D felonies *Page 7 
according to Indiana law. The court held a hearing on June 2, 2006. Present were Appellant, his probation officer, two members of the Monroe County Department of Job Family Services, and his guardian ad litem. The transcript of the hearing is part of the record. The hearing was presided over by a visiting judge from Harrison County. The following dialog took place:
 {¶ 18} "THE COURT: * * * Robert, did you receive a copy of the motion to revoke probation?
 {¶ 19} "THE JUVENILE: No, Sir.
 {¶ 20} "THE COURT: Then I will read it to you at this time.
 {¶ 21} "Now comes the undersigned and hereby moves the Court to revoke the probation of Robert Lohr as the juvenile has been adjudicated a delinquent in Howard County, Indiana for two charges of auto theft, being charged class D felonies if committed by an adult.
 {¶ 22} "So the basis for the revocation is your delinquency actions out of the State of Indiana.
 {¶ 23} "Do you have any other questions for what you're being charged, sir?
 {¶ 24} "THE JUVENILE: No, Sir.
 {¶ 25} "THE COURT: Okay. At this point, sir, you have the right to have an attorney — you can do this two ways.
 {¶ 26} "You can admit to this charge at this point or you can request a full hearing on this matter, have an attorney present who can cross examine witnesses and go forward. *Page 8 
 {¶ 27} "Which way would you like to proceed, sir?
 {¶ 28} "THE JUVENILE: I admit.
 {¶ 29} "THE COURT: You want to admit at this time?
 {¶ 30} "THE JUVENILE: Yes.
 {¶ 31} "THE COURT: You understand that by entering an admission, you will be waiving all your trial rights of cross examination, right of appeal and so forth.
 {¶ 32} "Has anybody promised you anything or is anybody forcing you to enter this admission?
 {¶ 33} "THE JUVENILE: No, sir.
 {¶ 34} "THE COURT: Do you understand that by entering this admission, the Court has a full range of sentencing possibilities including a DYS commitment?
 {¶ 35} "THE JUVENILE: Yes.
 {¶ 36} "THE COURT: Knowing all of this, do you still wish to enter an admission at this time?
 {¶ 37} "THE JUVENILE: Yes.
 {¶ 38} "THE COURT: Okay. The Court will accept your admission as knowingly made, voluntarily made and understandably made, being you know what the allegation is against you, you know what your rights are; and you know what the maximum potential penalties could be." (Tr., pp. 3-5.)
 {¶ 39} Appellant was fifteen years old at the time this hearing took place. Later in the hearing, Appellant told the judge he had been involved with various counseling programs, had mental evaluations, and was on medication. Appellant *Page 9 
described problems he had had in each detention or placement center. He stated that he liked the C.O.B.R.A. program the best.
 {¶ 40} After the court accepted the admission, it proceeded to the disposition phase. The Court's judgment entry, filed on June 2, 2006, reimposed the commitment to the DYS that was originally imposed on August 13, 2002, for a minimum period of six months to a maximum at age 21. The judgment entry was corrected nunc pro tunc on June 22, 2006, to make a clerical correction concerning time that Appellant had already spent in detention.
 {¶ 41} Appellant filed this timely appeal on June 29, 2006, and appellate counsel has been appointed.
 ASSIGNMENTS OF ERROR {¶ 42} "THE TRIAL COURT VIOLATED ROBERT LOHR'S RIGHT TO COUNSEL AND RIGHT TO DUE PROCESS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION SIXTEEN OF THE OHIO CONSTITUTION, OHIO REVISED CODE SECTION 2151.352, AND JUVENILE RULES 4 AND 35."
 {¶ 43} "THE JUVENILE COURT VIOLATED ROBERT LOHR'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION SIXTEEN OF THE OHIO CONSTITUTION; AND JUV.R. 35, WHEN IT FAILED TO FOLLOW THE REQUIREMENTS OF JUV.R. 35(B)." *Page 10 
 {¶ 44} "ROBERT LOHR'S ADMISSION TO HIS PROBATION VIOLATION WAS NOT KNOWING, VOLUNTARY, AND INTELLIGENT, IN VIOLATION OF THE FIFTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, JUVENILE RULE 29, AND 35(B)."
 {¶ 45} The appeal alleges a variety of errors in the hearing held on June 2, 2006, in which Appellant admitted to the commission of a probation violation and which led to his return to the DYS. The arguments are somewhat intermingled, and therefore, the assignments of error will be treated together.
 {¶ 46} Appellant first argues that he was not properly afforded the right to counsel prior to the point that the court accepted his admission. As Appellant correctly states, juvenile delinquency defendants are generally entitled to counsel at all stages of the proceedings against them. R.C. § 2151.352; Juv.R. 4; In re Gault (1967),387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527; State ex rel. Asberry v.Payne (1998), 82 Ohio St.3d 44, 48, 693 N.E.2d 794. This case involves juvenile probation revocation proceedings rather than an initial determination of delinquency. Some courts have held that the formal procedures used in adult probation revocation proceedings do not necessarily apply to juvenile probation revocation hearings. See, e.g.,In re Burton (Aug. 14, 1997), 8th Dist. 70141. Nevertheless, Juv.R. 35(B) specifically states:
 {¶ 47} "(B) Revocation of probation. The court shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds *Page 11 
on which revocation is proposed. The parties shall have the right to counsel and the right to appointed counsel where entitled pursuant to Juv. R. 4(A). Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv. R. 34(C), been notified."
 {¶ 48} In addition, R.C. § 2151.352 states, in pertinent part: "A child * * * is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152. of the Revised Code."
 {¶ 49} This Court has held a number of times that a "meaningful dialogue" must take place between the magistrate or judge at juvenile probation revocation proceedings before a waiver of the right to counsel can be considered valid. In re Mulholland (April 30, 2002), 7th Dist. No. 01-C.A.-108; In re Royal (1999), 132 Ohio App.3d 496,725 N.E.2d 685. The dialog that took place in this case cannot be called meaningful, and appears to be misleading as to the right to counsel. After the judge told Appellant he had a right to an attorney, he then said: "[Y]ou can do this two ways. You can admit to this charge at this point or you can request a full hearing on this matter, have an attorney present who can cross examine witnesses and go forward." (Tr., p. 4.) On reading the court's statement it does appear that Appellant could believe he was offered the right to an attorney if he wanted a full hearing with witnesses, but not if he merely wanted to admit to the charge. This interpretation would be clearly incorrect, because Appellant was permitted to have counsel whether he admitted to the charge or not. R.C. § 2151.352 and Juv.R. 35, do not "differentiate between a child who chooses to deny a charge and a child who admits to a charge" *Page 12 
with respect to the child's right to counsel. In re William B.,163 Ohio App.3d 201, 2005-Ohio-4428, 837 N.E.2d 414, ¶ 23.
 {¶ 50} Even if the trial judge's statement was not an outright misstatement but is viewed more as an ambiguous or unclear statement of the law regarding the right to counsel, it is axiomatic that ambiguities, particularly ambiguities of law, in criminal and in juvenile proceedings are generally resolved in the defendant's favor.State v. Carr, 167 Ohio App.3d 223, 2006-Ohio-3073, 854 N.E.2d 571, ¶ 4;State v. Simpson, 148 Ohio App.3d 221, 2002-Ohio-3077,772 N.E.2d 707, ¶ 21.
 {¶ 51} Appellee argues that Appellant had been through the probation revocation procedure many times before and knew what it meant to waive his right to an attorney and to admit to the revocation charges. Appellee also contends that other people were present to assist Appellant at the hearing, including his custodian, a representative of the DYS, and his guardian ad litem. It is true that a juvenile's prior experience with the juvenile justice system may be a factor in determining whether a waiver of counsel is valid. See, e.g., In reGriffin (Sept. 27, 1996), 3rd Dist. No. 14-96-14. Appellee acknowledges though, that there are other important factors for the trial court to consider and that, "[t]he trial court is required to give close scrutiny to factors such as the juvenile's age, emotional stability, mental capacity, and prior criminal experience," before accepting a juvenile's waiver of counsel as valid. See In re Kindred, 5th Dist. No. 04 CA 7,2004-Ohio-3647, ¶ 20, cited by Appellee. The trial court did not give "close scrutiny" to any of these factors, and in fact, made no inquiry at all. The trial court then appears to incorrectly explain to Appellant that *Page 13 
he only had the right to counsel if he wanted a full hearing with witnesses, and proceeded to ask Appellant how he wanted to proceed. Appellant responded by saying "I admit" rather than by stating that he was waiving his right to counsel. (Tr., p. 4.) The record simply does not reflect any valid and recognizable waiver of the right to counsel.
 {¶ 52} Furthermore, the procedural history of this case is not particularly consistent with respect to Appellant's right to counsel. The record reflects that many probation revocation hearings took place. For some hearings, counsel was automatically appointed. At other times, there seems to have been no mention at all of the right to counsel. Sometimes Appellant was asked to waive the right, and sometimes not. There is no consistent pattern. Even an adult would have had a difficult time deciphering how and when the right to counsel would apply from one hearing to the next.
 {¶ 53} The record reflects that Appellant was not properly afforded his right to counsel, and that his waiver of counsel was not knowingly and intelligently made. Therefore, his admission to the probation violation and the juvenile court's judgment must be vacated.
 {¶ 54} Although Appellant's denial of counsel argument gives us a sufficient basis for allowing him to withdraw his admission to the probation violation, he presents a number of other arguments that merit some comment. First, Appellant contends that the court was required to notify him of the condition of probation that was violated, pursuant to Juv.R. 35(B). The court informed Appellant that he had *Page 14 
been adjudicated delinquent in Indiana for two charges of auto theft and that the Indiana delinquency action was the basis for revocation of probation. Appellant is correct that the judge did not actually describe any condition of probation that was violated. The only conditions of probations found in the record are listed in the March 15, 2004, judgment entry. One of the conditions is that Appellant must obey "all State and Local laws." This is presumably the condition that he disobeyed. Obviously, committing a felony in Indiana is a violation of state law, and would be a probation violation. Although it probably would have been preferable for the trial court to simply state the specific condition of probation that was violated, the record does indicate that Appellant understood or should have understood the nature of the probation violation.
 {¶ 55} Appellant next argues that the trial court failed to explain the consequences of admitting to the charge, as required by Juv.R. 29(D), which states:
 {¶ 56} "(D) Initial procedure upon entry of an admission. The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 57} "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 {¶ 58} "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing." *Page 15 
 {¶ 59} Juv.R. 29(D) requires that a juvenile admission be done voluntarily, with full knowledge of the nature of the allegation and the consequences of the admission, including that the admission waives the right to confront witnesses and evidence, to remain silent, and to introduce evidence in the juvenile's favor. Although the rule does not specifically require an explanation of the maximum penalty that could be imposed, it is generally accepted that the trial court's explanation of the "consequences" of the admission must include some discussion of the possible penalties. In re Hendrickson (1996), 114 Ohio App.3d 290, 293,683 N.E.2d 76; In re Keck (Aug. 14, 1997), Cuyahoga App. No. 71074. Finally, the juvenile court must substantially comply with Juv.R. 29(D) for the admission to be valid. In re Graham, 147 Ohio App.3d 452,2002-Ohio-2407, 770 N.E.2d 1123, ¶ 10.
 {¶ 60} Appellant is aware that Juv.R. 29 is the rule that generally covers the initial adjudication of delinquency, and that it does not specifically refer to probation revocation proceedings. Appellant acknowledges that at least one court, the Ninth District Court of Appeals, has held that Juv.R. 29 does not apply to juvenile probation revocation proceedings. In re Beechler (1996), 115 Ohio App.3d 567,685 N.E.2d 1257. Nevertheless, we have applied Juv.R. 29 to probation revocation proceedings in two recent cases, namely, In re Royal, a 1999 case, and In re Mulholland, a 2002 case, both of which were cited above, and we will apply Juv.R. 29 in this case.
 {¶ 61} In the instant case, Appellant was informed that he would be waiving his right to cross-examination and his right to an appeal (which Appellant did not actually waive). (Tr., p. 4.) The court did not mention that Appellant was waiving the *Page 16 
right to present evidence and call witnesses, or the right to remain silent, which are both expressly mentioned in Juv.R. 29(D). As far as the possible penalties involved, the court stated that it had the "full range of sentencing possibilities including a DYS commitment." (Tr., p. 5.) The court did not explain that Appellant could be held in the custody of DYS until his 21st birthday. A juvenile judge may know what the "full range" of penalties means, but a 15-year-old boy who is unrepresented by counsel and who is taking medication for behavioral problems might not know, regardless of how many times he has been through the probation revocation process. Although this argument might not be strong enough to warrant reversal on its own, it certainly bolsters Appellant's overall argument that reversible error occurred at the June 7, 2006, hearing.
 {¶ 62} There is at least one reversible error arising from the trial court's colloquy with Appellant regarding his waiver of counsel and his admission to the probation violation. For the reasons explained above, we sustain his three assignments of error. Appellant's admission is withdrawn and vacated, and the judgment of adjudication and disposition is also vacated. The case is hereby remanded to the juvenile court for further proceedings consistent with this Opinion.
 Donofrio, J., and Vukovich, J., concurs. *Page 1