{¶ 17} I respectfully dissent.
 {¶ 18} This Court recently stated:
 "R.C. 2151.352, which codifies a juvenile's right to counsel, states that `[i]f a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person.' This Court has recently held that Juv.R. 29, which governs adjudicatory hearings, is inapplicable to probation violation hearings. In re: L.A.B., 9th Dist. No. 23309, 2007-Ohio-1479, at ¶ 7. Rather, we held that Juv.R. 35 shall be applied to such hearings. Id.
 "Juv.R. 35(B) states: `The court shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed. The parties shall have the right to counsel and the right to appointed counsel where entitled pursuant to Juv.R. 4(A). Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv.R. 34(C), been notified.'
 "Juv.R. 4(A) states that `[e]very party shall have the right to be represented by counsel * * * if indigent * * * when a person becomes a party to a juvenile court proceeding.
 "Juv.R. 3 permits a juvenile to waive the right to counsel with permission of the court in most proceedings. Before the juvenile court may permit such waiver of counsel, however, it has a duty to inquire to determine that the relinquishment is of "a fully known right" and has been made knowingly, intelligently and voluntarily. In re Gault (1967), 387 U.S. 1, 42. The Gault court held that a juvenile facing a loss of liberty by way of commitment is entitled to the same right to counsel as his adult counterpart. Id. at 35." In re K.E.M., 9th Dist. No. 23611, 2007-Ohio-5031, at ¶¶ 8-11; see, also In re Lohr, 7th Dist. No. 06 MO 6, 2007-Ohio-1130, at ¶ 46. *Page 10 
 {¶ 19} Furthermore, "a `meaningful dialogue" must take place between the magistrate or judge at juvenile probation revocation proceedings before a waiver of the right to counsel can be considered valid."Lohr at ¶ 49.
 {¶ 20} The record here contains only a minimal discussion with the juvenile regarding his right to counsel. No discussion was held with his parents; and to exacerbate the situation, the juvenile has been adjudicated delinquent by reason of a sexually oriented offense on a sibling. Clearly such a situation creates an inherent intolerable conflict of interest since the parents are advocates of both the offender and the victim. See In re Poland, 5th Dist. No. 04CA18,2004-Ohio-5693, at ¶¶ 19-20. *Page 1