[Cite as *State v. Smith*, 2009-Ohio-3154.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLANT,               CASE NO. 11-09-02

    v.

MARY J. SMITH,                        O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Paulding County Common Pleas Court
Trial Court No. CR08607

Judgment Affirmed

Date of Decision: June 29, 2009

APPEARANCES:

    *Eva J. Yarger* for Appellant

    *John E. Hatcher* for Appellee

**PRESTON, P.J.**

{¶1} Plaintiff-appellant, the State of Ohio, appeals the Paulding County Court of Common Pleas' judgment dismissing its case against defendant-appellee, Mary J. Smith (hereinafter "Smith"). For the reasons that follow, we affirm.

{¶2} This matter stems from events that allegedly occurred in February 2008 when Smith was working for Slattery Oil (d.b.a. the Pop N Brew Drive Thru). On March 12, 2008, Smith was indicted for theft in violation of R.C. 2913.02(A)(3), a felony of the fourth degree, in Case No. CR 08-525. The State alleged that on or about the 7th day of February 2008, Smith did, with purpose to deprive Slattery Oil of property, knowingly obtain or exert control over said property, to wit: $5,174.35, by deception, in violation of R.C. 2913.02(A)(3). On June 6, 2008, the State and Smith entered into an agreement entitled "Stipulation of Results of Polygraph Examination of Defendant to be Introduced at Trial," (hereinafter "the stipulation agreement"). Smith took the polygraph examination, and in the end, was found to have answered the questions truthfully. As a result, on July 14, 2008, the State moved to dismiss the case against Smith, and the trial court dismissed Case No. CR 08-525 without prejudice.

{¶3} In September 2008, the Paulding County Court of Common Pleas appointed a special prosecutor to review the facts of the previously dismissed theft case. On November 14, 2008, Smith was re-indicted for theft in violation of R.C.

2913.02(A)(2)(B)(2), a felony of the fourth degree, in Case No. CR 08-607. The State alleged that on or about February 7, 2008, Smith, with purpose to deprive the owner of property or services, did knowingly obtain or exert control over either the property or services of another, beyond the scope of the express or implied consent of the owner. Responding to a discovery motion, the State admitted that the amount of money involved in Case No. CR 08-607 was $5,174.35. (Case No. CR 08-607, Doc. No. 15). The case was set for trial on February 3, 2009; however, on that day the defense made a motion to dismiss based on the stipulation agreement from the prior case, Case No. CR 08-525. The trial court found:

> **that the "Stipulation of Results of Polygraph Examination of Defendant to be Introduced at Trial" constitutes a binding agreement or contract between the State and the Defendant and that upon the Defendant having passed the polygraph examination, the State was bound to dismiss the Indictment and was barred from instituting any new proceedings based upon the same conduct.**

(Feb. 3, 2009 Tr. at 2-3); (Feb. 9, 2009 JE, Case No. CR 08-607). Therefore, the trial court granted the defense's motion and dismissed Case No. CR 08-607 with prejudice.

{¶4} The State now appeals and raises one assignment of error.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT INCORRECTLY INTERPRETED THE TERMS OF THE STIPULATION POLYGRAPH**

**AGREEMENT FILED IN CASE NO. CR 08-525 WHEN IT DISMISSED THE INDICTMENT IN CASE NO. CR 08-607.**

**{¶5}** In its assignment of error, the State argues that the trial court erred when it dismissed this case (Case No. CR 08-607) against Smith on the basis of the stipulation agreement Smith and the State had entered into in Case No. CR 08-525. The State claims that the stipulation agreement and the polygraph examiner's questions contained ambiguous terms. Because of these ambiguities, the State argues that the special prosecutor should not have been bound by the terms of the stipulation agreement, and thus, should have been allowed to proceed against Smith in Case No. CR 08-607.

**{¶6}** In response, Smith argues that the trial court correctly interpreted the terms of the stipulation agreement. Moreover, Smith claims that the stipulation agreement was a binding contract between the parties and that it barred re-indictment for the same conduct against her.

**{¶7}** It is well-settled that a plea agreement is a contract between the prosecution and a criminal defendant, and thus, is governed by principles of contract law. *State v. Milligan*, 3d Dist. No. 16-08-04, 2008-Ohio-4509, ¶16, citing *State v. Adkins,* 161 Ohio App.3d 114, 2005-Ohio-2577, 829 N.E.2d 729, ¶7. When reviewing questions involving contract interpretation, this Court uses a de novo standard of review. *Graham v. Drydock Coal Co.* (1996), 76 Ohio St.3d 311, 313, 667 N.E.2d 949. Likewise, stipulations are voluntary agreements

between opposing parties, and thus are subject to principles of contract law and a de novo standard of review. *State v. Blaine*, 4th Dist. No. 03CA9, 2004-Ohio-1241, ¶¶11-12, citing Black's Law Dictionary (7th Ed. 1999) 1427. Ultimately, stipulation agreements, like contracts, should be interpreted to carry out the intent of the parties as evidenced by the contract's language. See *Saunders v. Mortensen*, 101 Ohio St.3d 86, 2004-Ohio-24, 801 N.E.2d 452, ¶9; *State v. Todd*, 12th Dist. Nos. CA2003-01-001, CA2003-03-006, 2004-Ohio-2902, ¶8, citing *State v. Ford III* (Feb. 18, 1998), 4th Dist. No. 97 CA 32, at *2.

**{¶8}** Here, the State argues that the stipulation agreement was ambiguous, and thus, could not have been carried out to the intention of the parties. Furthermore, it claims that under the principles of contract law, ambiguities should be interpreted against the party who used it, which it asserts is Smith in this case. See *Graham v. Drydock Coal Co.* (1996), 76 Ohio St.3d 311, 313, 667 N.E.2d 949.

**{¶9}** First of all, contrary to the State's argument, in criminal proceedings, ambiguities in agreements are generally construed against the State, not the defendant. *Blaine*, 2004-Ohio-1241, at ¶12. See, also, *United States v. Harvey* (C.A.4, 1986), 791 F.2d 294, 300 (court must construe ambiguous term in plea agreement against government); *State v. Simpson*, 148 Ohio App.3d 221, 2002-Ohio-3077, 772 N.E.2d 707, ¶21 (statute involving domicile must be construed in

defendants favor); *State v. Cvijetinovic*, 8th Dist. No. 81534, 2003-Ohio-563, ¶27 (pursuant to R.C. 2901.04(A), statutory interpretation must favor defendant); *State v. Lewis*, 3d Dist. No. 1-02-10, 2002-Ohio-3950, ¶22 (term of plea agreement must favor defendant when ambiguous); *City of Warren v. Cromley* (Jan. 29, 1999), 11th Dist. No. 97-T-0213 (court's silence when presented with plea agreement amounted to formal acceptance, which favored defendant); *State v. Ford, III* (Feb. 18, 1998), 4th Dist. No. 97 CA 32 (contract language must be construed in favor of defendant); *State v. Williams*, 126 Ohio Misc.2d 47, 2003-Ohio-7294, 802 N.E.2d 195, ¶16 (tape in question is equally inculpatory as exculpatory and must be resolved in favor of defendant). Moreover, an agreement is only considered ambiguous if it is "subject to more than one reasonable interpretation." *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N.E.2d 150, ¶¶52-53, citing *Hillsboro v. Fraternal Order of Police, Ohio Labor Council, Inc.* (1990), 52 Ohio St.3d 174, 177, 556 N.E.2d 1186. After reviewing the agreement, we find the State's arguments unpersuasive because the meaning of this stipulation agreement was not ambiguous, and therefore, was enforceable against the State.

{¶10} Under the agreement, the parties' intentions were specifically stated in paragraph 12, which provided:

> **Should the Defendant pass the polygraph examination and it be determined that the Defendant *did not take deposits* totaling $6,173.49 while working at Slattery Oil dba the Pop N Brew, then the State will dismiss the charges.**

(Case No. CR 08-525, Doc. No. 22); (Case No. CR 08-607, Doc. No. 26).

Moreover, the agreement specified two main issues that were to be resolved

through the polygraph examination:

> 1. **Whether or not on or about February 7, 2008, the Defendant, Mary J. Smith,** *failed to deposit* **money in the amount of $2,770.59, from the operations of Slattery Oil dba the Pop N Brew and used the funds for her personal use and/or to cover previous deposits that the defendant, Mary J. Smith shorted?**
> 2. **Whether or not on or about February 8, 2008, the Defendant, Mary J. Smith,** *failed to deposit* **money in the amount of $2,770.59, from the operations of Slattery Oil dba the Pop N Brew and used the funds for her personal use and/or to cover previous deposits that the defendant, Mary J. Smith shorted?**

(Case No. CR 08-525, Doc. No. 22); (Case No. CR 08-607, Doc. No. 26). Based

on the language of the agreement, we find that the intention of the parties was to

only determine whether Smith had *taken* Pop N Brew's deposits. While we find

this language to be general, we do not believe it was ambiguous.

{¶11} Nevertheless, the State argues that the agreement is ambiguous

because it used inconsistent numerical figures. For example, in both cases the

State indicted Smith for stealing $5,174.35; yet, by the terms of the agreement, the

polygraph examination was to determine whether she had taken $6,173.49.

Furthermore, in the agreement under the two issues to be resolved by the

polygraph examination, it was to be determined whether Smith had failed to

deposit two deposits of $2,770.59 on February 7 and 8, 2008. These two deposits added together equal $5,541.18, which does not match the numerical figure alleged in the indictments or the amount stated in paragraph 12 of the stipulation agreement. While we acknowledge that the numerical figures in the agreement and both indictments are not consistent, we do not believe that this renders the agreement ambiguous as the State argues. Rather, because the numerical figures are inconsistent and unreasonable, we find that the amount of money Smith allegedly stole is irrelevant to the essential purpose of the agreement, which was to determine whether Smith had taken Pop N Brew's money. Our finding is further evidenced by the questions that the polygraph examiner asked Smith:

1. **In February, 2008, did you know for sure who stole any money from those deposits from the Pop N Brew?**
   **Answer: No**
2. **In February 2008, did you steal any money from those deposits from Pop N Brew?**
   **Answer: No**
3. **In February 2008, did you fail to make a deposit for the Pop N Brew?**
   **Answer: No**
4. **In February 2008, did you keep even one dollar of any of those deposits?**
   **Answer: No**

(State's Ex. A). Had the intention of the parties been limited to the precise amount of money Smith allegedly stole from Pop N Brew, the questions would have been worded accordingly. Instead, the questions were worded in a general nature as well, by asking Smith to answer whether she had "stolen" or "failed to make a

deposit" or if she had "kept one dollar." Therefore, despite the inconsistencies with regard to the amount of money Smith allegedly had taken, we find that the language of the agreement, while general, was not ambiguous.

{¶12} Next, the State argues that ambiguity still exists given the different charge filed in Case No. CR 08-607 and the polygraph examiner's questions in Case No. CR 08-525. Essentially, the State claims that the way in which the polygraph questions were framed, Smith could have avoided answering whether she used her employer's money beyond the scope of the consent she was given. However, we find that because of the general nature of the language in the stipulation agreement, the agreement was binding on the State because it covered both situations.

{¶13} Smith was originally indicted for theft by deception, prescribed under R.C. 2913.02(A)(3), but subsequently was indicted for theft beyond the scope of consent, prescribed under R.C. 2913.02(A)(2)(B)(2). Both cases involved the same underlying facts and same amount of money, the only difference was that one case alleged theft by deception and the other alleged theft beyond the scope of consent. As we stated above, the stipulation agreement only required the determination of whether Smith took the deposits, it did not specify *how* Smith took the deposits (i.e., theft by deception or theft beyond the scope of consent). Moreover, the stipulation agreement and the polygraph examiner's

questions failed to use any legal terminology to limit the scope; rather, both utilized common, ordinary words, such as "take," "steal," "keep," "fail to deposit," which are terms that cover both a theft by deception and a theft by beyond the scope of consent. If the State had wanted to limit the stipulation agreement and polygraph examination to the determination of whether Smith had committed theft by deception, then it should have done so by limiting the stipulation agreement's language accordingly. But as it stands the language in the stipulation agreement and the questions asked by the polygraph examiner covered both types of theft offenses (by deception and beyond the scope of consent). While we believe the language used in the stipulation agreement and in the polygraph examination was overbroad, general, and, retrospectively, unwise, the language was not ambiguous.

{¶14} Ultimately, we find that the stipulation agreement was binding on the State in Case No. CR 08-607. Paragraph 9 of the stipulation agreement stated:

> **It is further understood by all parties that upon signing this entry of Stipulation of Polygraph Test, permitting the results of such test to be introduced into evidence, all parties and their successors interests (i.e. such other counsel as the State of Ohio or the Defendant may retain or employ or be represented by for the trial of this cause) shall be mutually bound to the terms of said entry.**

(Case No. CR 08-525, Doc. No. 22); (Case No. CR 08-607, Doc. No. 26). Thus, pursuant to paragraph 9, the intention of the parties was to bind successors (i.e., the special prosecutor) to the terms of the stipulation agreement. Again, we find

that the overall intention of the agreement was that if Smith passed the polygraph examination on the issue of whether she had *taken* Pop N Brew's money, then the State would dismiss the case. Smith took the polygraph exam and passed, thus, the State was bound under the stipulation agreement's terms to dismiss the case. Because the agreement was couched in general terms and was intended to determine whether Smith had "taken" or "failed to deposit" any of Pop N Brew's money, the language necessarily covered both situations alleged in the indictments, and bound the special prosecutor from re-indicting Smith in Case No. CR 08-607 based on the same conduct alleged in Case No. CR 08-525. Therefore, the trial court did not err when it dismissed Case No. CR 08-607 against Smith based on the stipulation agreement entered into in Case No. CR 08-525.

{¶15} The State's assignment of error is, therefore, overruled.

{¶16} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**